## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ROBERT ASHBY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-11-2669 |
| BOBBY SHEARIN, et al., | * | |
| Respondent | * | |

## MEMORANDUM OPINION

On September 15, 2011, John Robert Ashby filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the loss of good time credits when he was sentenced to disciplinary segregation.  He claims that the procedures used by the Division of Correction were enacted in violation of the Maryland Administrative Procedure Act and that he entitled to bring his case, challenging the execution of his sentence, under §2241.[1] ECF No. 1.   Respondent moves to dismiss the Petition on the basis that Ashby has failed to exhaust his claim in state court and/or his claim fails to state a federal claim and is without merit.  ECF No. 6.

### Background

Ashby is a state inmate currently confined at the North Branch Correctional Institution in Cumberland, Maryland.   He is serving two life sentenced imposed by the Circuit Court for Prince George's County on August 31, 1990, as well as related sentences for use of a handgun, riot and first and second degree assault.  ECF No. 6, Exs. 1-4.

### Analysis

Violation of a state law which does not infringe upon a specific constitutional right is

---

[1] To the extent Petitioner alleges his due process rights were violated in his disciplinary proceedings that resulted in the loss of his good conduct credits he is free to file a civil rights complaint pursuant to 42 U.S.C. 1983 naming the appropriate parties.  The Clerk will be directed to provide him forms to do so.

cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Ashby has presented a federal question here, his Petition becomes subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).  Thus, before seeking federal habeas corpus relief, Ashby must exhaust each claim presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Ashby may seek both administrative and judicial remedies.  He may file a grievance with the Inmate Grievance Office ("IGO").  *See generally Adamson v. Correctional Medical Services, Inc.*, 753 A.2d 501 (2000);  Md. Code. Ann. Corr. Servs. § 10-206(a).  If the grievance is not found wholly lacking in merit it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge.  *See* Md. Code. Ann. Corr. Servs. § 10-207(c).  An Order of the OAH denying an inmate's complaint constitutes the final decision of the Secretary of Public Safety and Correctional Services for purposes of judicial review. *See* Md. Code. Ann. Corr. Servs. § 10-209(b).  If the OAH finds the grievance meritorious an order is forwarded to the Secretary who may affirm, reverse or modify the order.  *See* Md. Code. Ann. Corr. Servs. §10-209(c).   An appeal of the Secretary's decision lies in the "circuit court of the county in which the complainant is confined."  *See* Md. Code. Ann. Corr. Servs. §10-210(b)(2).  Review may thereafter be sought in the Maryland Court of Special  Appeals by application for leave to appeal.  If the Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, the inmate may then seek review in the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Code. Ann. Corr. Servs. § 10-210(c)(2); Md. Code Ann. Cts & Jud. Proc. §12-202;  *see also Williams v. State*, 438 A.2d. 1301 (1981)

If Ashby seeks immediate release he may request relief directly from the Maryland courts by filing a petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). He may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

Ashby instituted administrative proceedings but admits that he did not seek judicial

review of the denial of his grievance by the Inmate Grievance Office.  ECF No. 1.  There is no dispute that  Ashby failed to institute any other cases in state court raising issues concerning his good time credits.  *Id.*  As such, his claims have not been fully exhausted.

Ashby has no absolute entitlement to appeal this Court's denial of his habeas corpus request.  *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)).   Ashby has failed to demonstrate entitlement to a COA in the instant case.

### Conclusion

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted.  A Certificate of Appealability shall not issue and the Clerk shall be directed to close this case.

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

March 14, 2012